Grasso, J.
This case came before the court upon defendant’s motion for an order compelling Harvard Community Health Plan to permit defendant’s attorneys to inspect and to furnish defendant’s attorneys with a copy of the complete records of the medical history and treatment of plaintiffs decedent, Mary A. Misitano, upon payment of a reasonable fee. The complaint involves an action for wrongful death and medical malpractice alleging that defendant Dr. Ghaffar negligently treated Mary A. Misitano from October 4,1984, until the time of her death by suicide on April 6, 1990. Plaintiff alleges that Dr. Ghaffar, a *406 thoracic surgeon, was negligent in his care and treatment in prescribing psychiatric medication, the antidepressant Amitriptyline, on a long-term basis, without adequate evaluation of her mental condition or the necessity for the prescription and without referral to a mental health physician or counsellor.
Dr. Ghaffar has noticed the deposition of the keeper of the records of the Harvard Community Health Plan with a duces tecum subpoena seeking “any and all medical records, including but not limited to doctors’ notes, summary sheets, nurses’ notes, lab reports, x-ray reports, and billing records, relating to the care and treatment provided to Mary A. Misitano ...” Harvard Community Health filed an objection pursuant to Mass.R.Civ.P. 45(d)(1) premised upon the contention that a deposition is not a “place of hearing” within the meaning of G.L.c. Ill, §70’s requirement that a clinic (of which the Chelmsford Health Center is admittedly one) shall “deliver certified copies of the subpoenaed records in its custody to the court or place of hearing designated in the subpoena.” Harvard also raises generally several statutory sections as creating privileges which require court order for the documents sought, including, inter alia, the patient-psychotherapist privilege of G.L.c. 233, §20B. Plaintiff also opposes the production of the records sought.
DISCUSSION
This court is of the view that a deposition is a “place of hearing” within the ambit of G.L.c. Ill, §70. Accordingly, apart from any issues of privilege, a hospital or clinic served with a valid subpoena duces tecum is required to deliver the requested records to the place of hearing designated in the subpoena, be it a law office and not the courthouse proper.
With respect to the issues of statutory privilege, General Laws, chapter 233, §20B establishes a privilege between patient and psychotherapist which provides generally that communications relative to the treatment of the patient’s mental or emotional condition are privileged and not subject to disclosure. The privilege does not apply to communications in certain proceedings “in which the patient introduces his mental or emotional condition as an element of his claim . . . and the judge . . . finds that it is more important to the interest of justice that the communication be disclosed than the relationship between patient and psychotherapist protected.” G.L.c. 233, §20B(b).
In this case the plaintiff Administratrix has introduced the decedent Mary Misitano’s mental or emotional condition as an element of her wrongful death-medical malpractice claim. A psychologist’s treatment of the decedent Mary A. Misitano is relevant both to the claim and the defense. As such, Dr. Ghaffar should be entitled to discover such records. Fundamental fairness as embodied in the rules governing discovery demands no less.
Accordingly, this court orders and directs that the records subpoenaed as set forth in Attachment “A” of Dr. Ghaffar’s subpoena shall be provided to defendant’s counsel subject to the following terms and conditions:
1. All records to which no privilege may reasonably be raised under G.L.c. 233, §20B or G.L.c. 112, §135 shall be furnished to defendant’s counsel at its offices upon the terms requested in the subpoena.
2. As to any records to which a claim of privilege may reasonably be made under G.L.c. 233, §20B or G.L.c. 112, §135, defendant’s counsel shall have access to such records solely in his or her capacity as an officer of the court. Counsel shall not disclose or disseminate the contents of such records (or any portion thereof) which may constitute a communication between the decedent Mary A. Misitano and a psychotherapist (as defined in G.L.c. 233, §20B) relative to the diagnosis and treatment of Mary Misitano’s mental or emotional condition, to anyone, including Dr. Ghaffar, without prior application to and an order of the court.
3. Such records shall be made available to counsel in the courthouse at the Middlesex Superior Court, sitting in Lowell, during regular business hours under arrangements to be made by the clerk. Counsel may read and make notes concerning such records, but no portion of such records shall be photocopied or reproduced without prior application to and order of the court.
4. Counsel for the defendant shall not offer or adduce any portion of such treatment records in evidence at trial or in connection with any other motion or proceeding in this action without prior application to and an order of the court. At a minimum, counsel for the defendant shall be required to show, in an in camera submission, that the information to be offered or adduced in connection with any trial, motion, or other proceeding is relevant, admissible, and not available from other sources. The court may then conduct an in camera hearing concerning the relevance and admissibility of any information in such records that counsel for the defendant may seek to use at trial or in connection with any motion or other proceeding.
5. At the conclusion of any trial or other disposition of this action, counsel shall deliver to the clerk, under seal, all originals and all copies of such records produced to counsel for Dr. Ghaffar pursuant to this or any subsequent order of the court.
ORDER
Upon consideration of the foregoing, it is hereby ORDERED that such records be produced to counsel at deposition subject to the terms and conditions set forth herein.